IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                            Criminal Action No. 3:97-cr-00079-JAG

ANTONE HENRY POINDEXTER,
        Defendant.

## OPINION

At his sentencing in July 2000, Antone Henry Poindexter was designated as an armed career criminal based in part on a prior conviction for second-degree assault in New York. Poindexter now challenges this designation in light of the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) [hereinafter *Johnson II*], which held unconstitutional the residual clause of the Armed Career Criminal Act (the "ACCA"). Without the residual clause, Poindexter's second-degree assault conviction does not fall within the ACCA's definition of "violent felony," meaning that Poindexter is not an armed career criminal. Accordingly, the Court will correct his unconstitutional sentence by granting him a resentencing hearing.

## I. BACKGROUND

On May 2, 2000, a jury found Poindexter guilty of one count of conspiracy, four counts of possession of a firearm by a convicted felon, and four counts of making false statements to a firearms dealer. At the time of his sentencing, Poindexter qualified as an armed career criminal based on three predicate offenses: (1) second-degree assault in New York, (2000 PSR ¶ 24); (2) possession of cocaine with intent to distribute in New Jersey, (*id.* ¶ 22); and (3) criminal sale of controlled substances, fifth, in New York, (*id.* ¶ 21). This increased his possible sentence on the firearm possession convictions from a maximum of ten years to a mandatory minimum of fifteen

years. As noted in the presentence report, based on an adjusted offense level of 33 and a criminal history category of VI, Poindexter's guideline range was 235 to 293 months.[1] On July 10, 2000, the Court sentenced Poindexter to a total of 235 months imprisonment with five years of supervised release to follow.[2]

On June 14, 2016, the Fourth Circuit authorized Poindexter to file a second or successive § 2255 motion because Poindexter had made a prima facie showing that *Johnson II* may apply to his case. Poindexter filed the pending motion (the "§ 2255 Motion") on June 17, 2016.[3]

## II. <u>DISCUSSION</u>

Section 2255 allows a federal prisoner to challenge a "sentence . . . imposed in violation of the Constitution or laws of the United States, or . . . in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). If a prisoner seeks to challenge his sentence based on a newly recognized constitutional right, he has one year to file his petition from the date the Supreme Court recognized that right, "if the right has been . . . made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). Additionally, for a successive motion under § 2255, the motion "must be certified . . . by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

---

[1] As calculated at sentencing, Poindexter would have received the same sentence even if he did not qualify as an armed career criminal.
[2] The sentence breaks down among counts of conviction as follows:
- Count I: Conspiracy – 60 months' imprisonment, three years' supervised release
- Count II–V: Possession of a Firearm by a Convicted Felon – 235 months' imprisonment, five years' supervised release
- Count VI–IX: False Statement to a Firearms Dealer, Aiding and Abetting – 120 months' imprisonment, three years' supervised release

Judge Cacheris imposed all sentences to run concurrently.
[3] Poindexter's counsel originally signed and filed the § 2255 Motion. On June 24, 2016, the Court ordered the submission of an amended motion signed by Poindexter himself. In the same order, however, the Court, "[f]or statute of limitations purposes, . . . deem[ed] the § 2255 Motion filed on [June 17, 2016]." (June 24, 2016 Order.)

that was previously unavailable." *Id.* § 2255(h)(2). If a court finds that § 2255 entitles the prisoner to relief, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b).

The Fourth Circuit authorized Poindexter to file a successive motion. Additionally, Poindexter, by counsel, filed the successive motion within one year of the Supreme Court deciding *Johnson II*, which newly recognized a constitutional right made retroactively applicable on collateral review.[4] Thus, the only question that remains is whether Poindexter's sentence violates the Constitution or exceeds the maximum sentence authorized by law.

Federal law prohibits certain people, including convicted felons, from possessing firearms. 18 U.S.C. § 922(g). Generally, the maximum sentence for this crime is ten years. *Id.* § 924(a)(2). If the offender has three previous convictions for violent felonies or serious drug offenses, however, the ACCA imposes a mandatory minimum of fifteen years, and a maximum sentence of life imprisonment. *Id.* § 924(e)(1). In addition to adding the mandatory minimum,

---

[4] The government opposes the § 2255 Motion because "his attack is years too late and fails to establish prejudice." (U.S. Resp. 4.) The "years too late" argument rests on the fact that the Superior Court of New Jersey vacated one of the other predicate offenses for Poindexter's ACCA designation in November 2003. In 2004, Poindexter raised this issue in a motion under § 2255, but couched his challenge within an ineffective assistance of counsel claim. The Court dismissed the claim because "Poindexter was not prejudiced by any omission of counsel and is not entitled to resentencing." (Oct. 4, 2004 Mem. Order, at 6.) Because the Court only evaluated Poindexter's claim in terms of ineffective assistance of counsel, the Court has not addressed the constitutionality of Poindexter's ACCA designation. Moreover, while the time limit has expired for Poindexter to challenge his ACCA designation based on the vacated conviction, Poindexter has met the timeline to challenge the designation based on *Johnson II*. 28 U.S.C. § 2255(f)(3). As to the "prejudice" argument, prejudice mattered in the 2004 opinion because a claim for ineffective assistance of counsel requires it. Prejudice also matters when a defendant must overcome procedural default. The government, however, does not raise procedural default. Finally, the Court could possibly construe the government's argument on prejudice as an argument that any constitutional error in Poindexter's sentence was harmless. Regardless, Poindexter is prejudiced by the ACCA designation at least because his term of supervised release exceeds the statutory maximum, and this error is not harmless. *See infra.*

3

this change in the maximum imprisonment re-classifies the crime from a Class C to a Class A felony, which then authorizes a maximum term of supervised release after imprisonment of five years rather than three years. *Id.* §§ 3559(a), 3583(b).

The ACCA defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year ... that
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). In *Johnson II*, the Supreme Court held that the italicized language, known as the residual clause of the ACCA, is unconstitutionally vague. 135 S. Ct. at 2557. Thus, after *Johnson II*, an offender's prior conviction must satisfy either the force clause found in § 924(e)(2)(B)(i), or the enumerated offenses clause found within § 924(e)(2)(B)(ii), to qualify as a violent felony.

At the time of sentencing, the Court found that two of Poindexter's prior convictions qualified as serious drug offenses, and one—second-degree assault in New York—qualified as a violent felony. The Court did not specify which clause of the violent felony definition it looked to when assessing the second-degree assault conviction.[5] Nevertheless, assault does not satisfy the enumerated offenses clause, and *Johnson II* rendered the residual clause unavailable. Thus, second-degree assault in New York must fall under the ACCA's force clause to qualify as a predicate offense for Poindexter's armed career criminal designation.

---

[5] The United States argues that "[b]ecasue defendant has not established that his claim is based on the residual clause struck down in *Johnson*, ... he does not have proper grounds to bring his claim now." (U.S. Resp. 10.) Poindexter has met his burden of establishing that the residual clause of the ACCA affected his sentence by proving that the Court could not have relied upon the force clause or the enumerated offenses clause.

4

To determine whether a prior conviction falls within the force clause of the ACCA, courts must first determine the elements of the prior conviction. In 1989, the year of Poindexter's conviction, New York's second-degree assault statute listed seven possible situations that could lead to a conviction. *See* N.Y. Penal Law § 120.05 (1989).

> When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the 'modified categorical approach' that we have approved, permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms.

*Johnson v. United States*, 559 U.S. 133, 144 (2010) [hereinafter *Johnson I*] (internal citation omitted). Courts have referred to this "limited set of documents in the record" that courts can consult under the modified categorical approach as "*Shepard* documents." *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014). In the absence of *Shepard* documents showing the elements of the offender's prior conviction, courts cannot conclude that the conviction "rested upon anything more than the least of [the possible] acts."[6] *Johnson I*, 559 U.S. at 137.

In this case, the Court does not know which sub-section of N.Y. Penal Code § 120.05 the State of New York used to convict Poindexter in 1989. The United States concedes as much. (U.S. Resp. 11 n.8 ("[I]t is not clear under which provision [of N.Y. Penal Law § 120.05] defendant was convicted.").) The only information the Court does have about Poindexter's second-degree assault conviction comes from the presentence report in this case, which comes from a separate presentence report from New York. (*See* PSR ¶ 24.) The presentence report

---

[6] Even under the categorical approach, the Court must focus on "the conduct criminalized, including the most innocent conduct." *United States v. Montes-Flores*, 736 F.3d 357, 369 (4th Cir. 2013) (quotation marks and citation omitted).

from New York is not a qualifying *Shepard* document. While the details from the presentence report allow the Court—and the parties—to guess the relevant statutory sub-section, the law does not permit such guessing and assumptions. The Court, therefore, looks to whether the least of the possible acts required for conviction of second-degree assault in New York satisfies the ACCA's force clause.

The force clause requires that a prior conviction "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(b)(i). The term "use" requires more than the result of physical injury. As explained by the Fourth Circuit, to qualify as a predicate offense, "a state offense must constitute a *use* or *threatened use* of violent force, not simply *result* in physical injury or death." *United States v. Torres-Miguel*, 701 F.3d 165, 169 (4th Cir. 2012). Further, the term "use" likely does not encompass the mental state of recklessness. *See United States v. Castleman*, __ U.S. __, 134 S. Ct. 1405, 1414 n.8 (2014) (citing court of appeals cases).

Applying the force clause to New York's second-degree assault statute, one sub-section permits conviction with a mental state of recklessness. N.Y. Penal Law § 120.05(4) (1989). This likely fails to qualify as "use" of physical force. *See, e.g., United States v. Palomino Garcia*, 606 F.3d 1317, 1335–36 (11th Cir. 2010). Accordingly, assuming this sub-section is the least of the possible acts required for conviction of second-degree assault in New York, such a prior conviction would not satisfy the ACCA's force clause.

Even if the Court looks to the sub-section under which both parties assume Poindexter was convicted, such a prior conviction fails to satisfy the force clause. Section 120.05(1) permits New York to convict an offender of second-degree assault when "[w]ith intent to cause serious physical injury to another person, [the offender] causes such injury to such person or to a third

6

person." N.Y. Penal Law § 120.05(1) (1989). This does not require the government to prove that the offender used violent force in causing the injury, so does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). In other words, requiring only intent and result does not satisfy the force clause because "a crime may *result* in . . . serious injury without involving the *use* of physical force." *Torres-Miguel*, 701 F.3d at 168; *see, e.g.*, *Chrzanoski v. Ashcroft*, 327 F.3d 188, 196 (2d Cir. 2003) ("[H]uman experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient."). Indeed, in *Chrzanoski v. Ashcroft*, the Second Circuit held that Connecticut third-degree assault—which uses nearly identical language as the New York second-degree assault statute—did not satisfy the force clause in 18 U.S.C. § 16—which uses nearly identical language to the ACCA. *Id.* at 192, 195. Accordingly, a prior conviction under paragraph one of N.Y. Penal Law § 120.05 does not satisfy the ACCA's force clause. Without this predicate offense, Poindexter does not qualify as an armed career criminal.

The United States argues that the Court should not credit the binding precedent set forth in *United States v. Torres-Miguel* because "in *United States v. Castleman*, the Supreme Court rejected the reasoning in *Torres-Miguel*." (U.S. Resp. 11–12 (internal citation omitted).) The Fourth Circuit disagrees:

> The government suggests that the Supreme Court's 2014 decision in *United States v. Castleman* has abrogated the distinction that we recognized in *Torres–Miguel* between the use of force and the causation of injury. That strikes us as a dubious proposition. Writing for the *Castleman* majority, Justice Sotomayor expressly reserved the question of whether causation of bodily injury "necessarily entails violent force." *See* 134 S.Ct. at 1413; *see also id.* at 1414 (emphasizing that Court was not deciding question of whether or not causation of bodily injury "necessitate[s] violent force, under *Johnson*'s definition of that phrase").

7

*United States v. McNeal*, 818 F.3d 141, 156 n.10 (4th Cir. 2016).

The key difference between *Castleman* and *Torres-Miguel* lies in the type of "physical force" the context requires be "used." *Torres-Miguel* dealt with the force clause in the United States Sentencing Guidelines that, like in the ACCA, requires violent force (i.e., more than the slightest offensive touching under common law). *Torres-Miguel*, 701 F.3d at 169; *see Johnson I*, 559 U.S. at 139–40 (defining "physical force" under the ACCA as *violent* force—that is, force capable of causing physical pain or injury to another person"). On the other hand, *Castleman* dealt with the force clause in the context of a "misdemeanor crime of domestic violence," which requires only "the degree of force that supports a common-law battery conviction," "namely, offensive touching." 134 S. Ct. at 1410, 1413. While *Castleman* held that "[i]t is impossible to cause bodily injury without applying force in the common-law sense," *id.* at 1415, the force clause in *Torres-Miguel* requires more than force in the common-law sense, 701 F.3d at 169. Accordingly, this Court must follow the holding set forth in *Torres-Miguel*.

### III. <u>CONCLUSION</u>

In summary, the most innocent conduct criminalized as second-degree assault in New York does not satisfy the force clause under the ACCA because it does not require as an element the use, attempted use, or threatened use of physical force. Thus, when sentencing Poindexter, the Court could only have relied upon the residual clause when qualifying Poindexter's prior conviction as a "violent felony," and designating him as an armed career criminal. Based on *Johnson II*, this sentence violates the Constitution. Additionally, the change in designation means that the supervised release portion of Poindexter's sentence exceeds the maximum authorized by law. For these reasons, the Court will grant Poindexter's § 2255 Motion. The Court will set this case for resentencing.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: November 7, 2016
Richmond, Va.

/s/
John A. Gibney, Jr.
United States District Judge

9